# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>   vs.<br>JONATHAN ARROYO PACHECO,<br><br>                              Defendant. | CASE NO. 11CR1867WQH<br>CASE NO. 11CV2464WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for time reduction by an inmate in federal custody under 28 U.S.C. § 2255. ECF No. 27. Defendant moves the court to modify his sentence on the grounds that he is not able to reduce his sentence through a drug program because of his deportation status. The Court finds that the issues raised in the petition are appropriate for summary disposition.

**APPLICABLE LAW**

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." A district court must

summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant has waived his right to bring a § 2255 motion. In the plea agreement, the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence ... unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory minimum term, if applicable." ECF No. 48 at 10-11. This waiver is clear, express and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005).

In this case, the plea agreement provided for an adjusted offense level of 25 and a guideline range of 57-71 months. ECF No. 14 at 7. At the time of sentencing, the Government recommended an adjusted offense level of 22 and a guideline range of 41-51 months and recommended a sentence of 41 months. ECF No. 24. The Court imposed a sentence of 31 months. ECF No. 26 at 2. Pursuant to the terms of the plea agreement, the Defendant waived his right to collaterally attack the sentence imposed.

Finally, the Defendant presents no grounds for relief under Section 2255. The Sentencing Reform Act gives the Bureau of Prisons the responsibility to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). *See United States v. Cubillos*, 91 F.3d 1342, 1344-45 (9th Cir. 1996). The Court of Appeals for the Ninth Circuit has rejected the assertion that an alien's equal protection rights are violated when he cannot be housed in a minimum security facility or a community correction center based upon his deportation status. *See McClean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

1
2   IT IS HEREBY ORDERED that the Motion for time reduction by an inmate in federal
3   custody under 28 U.S.C. § 2255 (ECF No. 27) filed by the Defendant is denied.
4   DATED: October 28, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge